## DILLARD *v.* STATE.

[73 South. 799, Division B.]

LARCENY. *Evidence. Sufficiency.*

> Under the facts as set out in the opinion the court held that a conviction for larceny of a steer could not be sustained.

APPEAL from the circuit court of Perry county.
HON. PAUL B. JOHNSON, Judge.
Rufe Dillard was convicted of larceny and appeals. The facts are fully stated in the opinion of the court.

*D. M. Watkins,* for appellant.

*Ross A. Collins,* Attorney-General, for the state.

COOK, P. J., delivered the opinion of the court.

Appellant was convicted upon a charge of larceny of a steer, and he appeals to this court, upon the theory that the evidence did not support the verdict of the jury.

A careful reading of the evidence produced at the trial, in our opinion, fails to establish that the animal, the alleged object of the larceny, had in fact, been stolen. Giving to the evidence full faith and credit, it appears that a steer running in the range with a herd of other cattle disappeared; that the owner of the steer instituted a search for the lost animal and failed to find it; that about six weeks after the disappearance of the steer the putrid carcass of a horned

animal was found buried within a short distance from a field cultivated by the defendant. It seems that the state and the jury concluded that the buried carcass was the remains of the lost, strayed, or stolen steer. We have searched the record in vain for any evidence warranting this conclusion.

There is not a scrap of evidence in the entire record justifying a reasonable belief that the entombed beast was the remains of the alleged stolen steer. The proximity of the grave to the defendant's field (which field seems to have known the defendant very seldom), may engender a suspicion that the defendant was the "nigger in the woodpile;" that he had some causal connection with the steer's death; but this would be a mere suspicion. Even if we assume that the defendant was there or thereabouts when the steer came to an untimely end, there is not a word of evidence to warrant the further assumption that the deceased steer or cow was the property in question.

The defendant lived some five miles from the field, which it is unjustly intimated that he cultivated, and there is some evidence tending to show that somewhere about the time the steer in question disappeared the defendant was long on beef, or, at least, that he was in possession of more beef than the law allowed to a person of his social and financial standing in the community.

There is also some evidence that the defendant about the time the entombed beast was found cautioned some of his friends who had profited by his possession of more beef than he could conveniently consume not to mention this circumstance to inquiring white folks. Taken in detail and its completed state, we are unable to see how an impartial jury could find enough evidence to justify a belief that the defendant stole the steer he was charged with stealing.

It may be conceded that he stole the buried beast, but it by no means follows that he is guilty. However

desirable it may be to convict the guilty, it is vastly more important to require that the humblest citizen must be proven guilty before he can be convicted.

*Reversed and dismissed.*